

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 6:06-CR-95(19) |
| | § | |
| BRADLEY GLENN BARNETT | § | |

# FINDINGS OF FACT AND RECOMMENDATION
## ON PETITION REQUESTING REVOCATION OF SUPERVISED RELEASE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court, Eastern District of Texas, this matter was referred to the undersigned magistrate by the District Court for hearing and the submission of findings of fact and a report and recommendation in accordance with 18 U.S.C. §§ 3401(I) and 3583(e). The United States has alleged that Defendant, Bradley Glenn Barnett ("Defendant" or "Barnett"), violated conditions of supervised release imposed by Chief United States District Judge Leonard Davis. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #800) requesting the revocation of Defendant's supervised release. The Court conducted a hearing on March 6, 2012, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant elected to represent

-1-

himself at the hearing but he also had court-appointed standby counsel assisting him.

## DISCUSSION

**A.     Procedural History:**

On March 16, 2009, The Honorable Leonard Davis, Chief United States District Judge for the Eastern District of Texas, sentenced Bradley Glenn Barnett, after he pled guilty to the offense of possession of methamphetamine with intent to deliver, a Class B felony. Judge Davis sentenced Barnett to sixty (60) months imprisonment to be followed by a four (4) year term of supervision subject to the standard conditions of release plus special conditions to include financial disclosure, drug treatment, mental health treatment, and medication compliance. On March 18, 2011, Barnett completed his period of imprisonment and began service of the supervision term.

On May 23, 2011, the Court issued a *Petition for Warrant or Summons for Offender Under Supervision* (doc. #771) and Barnett appeared before United States Magistrate Judge Earl S. Hines for an initial appearance on the petition. Judge Hines then ordered that the defendant undergo a competency evaluation.[1] On August 12, 2011, United States Magistrate Judge John Love conducted a hearing on the petition to revoke. At that time the Government withdrew the first petition to revoke and the Court continued Mr. Barnett on his conditions of supervised release with an admonishment to comply with his conditions and to take his

---

[1] The undersigned notes that the psychological examiner's sealed report determined that Mr. Barnett is competent to proceed (doc. #779). The minute entry from the defendant's August 12, 2011, appearance on the first petition to revoke also states that Judge Love found defendant competent to stand trial (doc. #780).

prescribed medications. *See Minute Entry* (doc. #780).

On February 13, 2012, the District Court issued the current petition to revoke which is pending before the Court at this time. The Court summarizes the allegations contained in the petition *infra*.

**B.    Allegations in Petition:**

*Alleged Violations of Mandatory Conditions*

The Probation Office alleges that Defendant violated the following mandatory conditions of supervised release in the following manner:

**Allegation 1**: *The defendant shall not commit another federal, state, or local crime.*

Specifically, Bradley Glenn Barnett was arrested on January 20, 2012, by the Polk County Sheriff's Department in Livingston, Texas. He was charged with Public Intoxication, a Class C Misdemeanor. Mr. Barnett was released from custody on January 21, 2012, after being given credit for time served in lieu of a $250 fine. According to the offense report, Mr. Barnett was arrested after he was seen walking naked down Highway 59 in Livingston, Texas. The arresting deputy reported Mr. Barnett advised him he had been in a motel with a female and became paranoid that someone was going to jump him if he went out the door. In an attempt to avoid this, Mr. Barnett jumped through the plate glass window of the motel, sustaining lacerations, and ran off. There was no one waiting on him outside of the door.

The deputies interviewed the female at the motel where Mr. Barnett jumped through the plate glass window. She advised that she and Mr. Barnett had rented the room earlier.

Mr. Barnett had come out of the bathroom and told her he had eaten some methamphetamine. She further advised the officers that he became paranoid and was acting odd just before he jumped through the plate glass window without his clothes, wallet or truck keys. The report noted the female stated she was afraid that Mr. Barnett would kill her due to the way he was acting.

**Allegation 2**: *The defendant shall not illegally possess a controlled substance.*

**Allegation 3**: *The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.*

Specifically, the Probation Office alleges that Mr. Barnett admitted to U.S. Probation Officer Susan Budjenska during an office visit on February 1, 2012, to using methamphetamine on January 20, 2012, prior to being arrested by the Polk County Sheriff's Department.

*Allegations of Violations of Standard Conditions*

The Probation Office further alleges that Defendant violated the following standard conditions of supervised release in the following manner:

**Allegation 4**: *The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as provided by a physician.*

Specifically, the Probation Office alleges that Mr. Barnett admitted to U.S. Probation Officer Susan Budjenska during an office visit on February 1, 2012, to using methamphetamine on January 20, 2012, prior to being arrested by the Polk County Sheriff's Department.

**Allegation 5**: *The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.*

Specifically, the Probation Office alleges that U.S. Probation Officer Susan Budjenska made contact with Mr. Barnett's wife on February 9, 2012, and left a message for Mr. Barnett to report to the U.S. Probation Office in Lufkin, Texas, on February 10, 2012. Mr. Barnett did not report.

*Allegation of Violation of Special Condition*

The Probation Office finally alleges that Defendant violated the following special condition of supervised release in the following manner:

**Allegation 6:** *Under the guidance and direction of the U.S. Probation Officer, the defendant shall participate in a program of psychiatric and mental health services and shall comply with any medication treatments as prescribed by the treatment provider.*

Specifically, the Probation Office alleges that Bradley Glenn Barnett failed to attend mental health counseling at Samaritan Counseling in Lufkin, Texas, on February 7, 2012.

Bradley Glenn Barnett failed to attend a psychiatric appointment on February 9, 2012,

in Tyler, Texas.

Bradley Glenn Barnett admitted to Probation Officer Budjenska on February 1, 2012, that he has not been taking his mental health medication as prescribe by Dr. Teresa Vail, his psychiatric provider.

**C.      Evidence presented at Hearing and the Parties' Contentions:**

At the hearing, the parties offered the following evidence in support of the allegations set out *supra*. Susan Budjenksa, Mr. Barnett's supervising United States Probation Officer, testified for the Government. Bradley Glenn Barnett testified on his own behalf and his wife, Juana Barnett, also appeared to testify. The parties also submitted several exhibits. *See Exhibit and Witness List* (doc. #808).

The exhibits include a judgment from the Justice of the Peace, Precinct Two, Place One in Polk County showing that on January 21, 2012, Barnett pled *nolo contendere* to the charge of public intoxication and he was sentenced to a fine of $250.00 with a disposition of the fine by time served in jail. *See Government Exhibit 2*. The Government also offered a notification letter from Theresa Vail, M.D., stating that Mr. Barnett's wife called to cancel Barnett's appointment scheduled for February 9, 2012, at 2:00 p.m. She stated that he had a job interview. *See Government Exhibit 3*. The letter also reflects that the appointment was rescheduled for March 8, 2012. The Defendant also offered several letters as exhibits, include character letters, a statement from his wife, a statement from Dr. Vail's officer manager, and a fact witness statement describing the incidents of February 7, 2012, when the Defendant and

his wife maintain that his wife was suffering from chest pains which caused him to miss a counseling appointment with Good Samaritan counseling. *See Defendant Exhibits 1 through 5.*

The revocation hearing lasted approximately two hours. The whole of the evidence and arguments presented can be found in the record in this case.

After presenting evidence, the parties offered arguments as to an appropriate disposition of the petition to revoke. They also argued regarding the appropriate punishment. The Government argued that Mr. Barnett should be sentenced within the range of punishment suggested by the Sentencing Guidelines for a Grade B violation, which is 21 to 27 months imprisonment. The Government also requested that the Defendant be placed on a new six month term of supervised release to include six months placement in a halfway house, with no further supervision after his release from the halfway house. Barnett deferred to the Court on the issue of punishment.

### D.   Applicable Law and Sentencing Guidelines

Section 7B1.1(a)(2) of the United States Sentencing Guidelines provides that a Grade B violation of supervised release consists of conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year. *See* U.S.S.G. § 7B1.1(a)(2). If the Court finds by a preponderance of the evidence that the defendant committed a Grade B violation, U.S.S.G. § 7B1.3(a)(1) directs that the Court shall revoke probation or supervised release. Based on Barnett's criminal history category of VI, the

Sentencing Guidelines suggest a range of imprisonment of 21 to 27 months for a Grade B violation.

18 U.S.C. § 3583(g)(1) imposes the mandatory revocation of supervised release for possession of controlled substance in violation of supervision conditions. *See* 18 U.S.C. § 3583. The Court may also find that drug use is equivalent to possession of the prohibited substance when determining whether to revoke a defendant's supervised release. *See United States v. Courtney*, 979 F.2d 45, 48 (5th Cir. 1992). The Court has the discretion to conclude that a positive drug test is evidence of possession. *See id.* Here, the Probation Office and the Government request that the Court find that Barnett committed a Grade B violation of his supervision conditions by possessing methamphetamine on January 20, 2012, in violation of the Texas Health & Safety Code § 481.115.

If the Court finds by a preponderance of the evidence that Barnett violated conditions of supervision by committing the crime of public intoxication on January 20, 2012; by using methamphetamine on or about January 20, 2012; by failing to report to his probation officer on February 10, 2012; by failing to attend mental health counseling at Samaritan Counseling on February 7, 2012; failing to attend a psychiatric appointment with Dr. Vail on February 9, 2012; and failing to take his mental health medication as prescribed, he will be guilty of committing a Grade C violation of his supervision conditions. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify

the conditions of supervision. Based on Barnett's criminal history category of VI, the Sentencing Guidelines suggest an imprisonment range of 8 to 14 months for a Grade C violation.

Accordingly, if the undersigned finds by a preponderance of the evidence that Mr. Barnett violated his conditions as discussed above, the Court may terminate his supervised release; revoke his supervised release; extend the term of supervised release; and/or modify the conditions of his supervised release. *See* 18 U.S.C. § 3583(e); U.S.S.G. § 7B1.3(a)(2). The Court may also take into consideration factors including the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the need to provide restitution to any victims to the offense. *See* 18 U.S.C. §§ 3583(a); 3553(a).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* Because the original offense of conviction was a Class B felony, the maximum term of supervised release that may be imposed in this revocation proceeding is not more than five years, less any term of imprisonment imposed for the revocation. 18 U.S.C. § 3583(b); *see*

*also* U.S.S.G. § 7B1.3(g)(2).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (Citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement[2], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997)(Citations omitted).

The statute is clear in giving the Court the ability to revoke a defendant's supervised release once a violation has been established by a preponderance of the evidence. *See* 18 U.S.C. § 3583; *United States v. Grandlund*, 71 F.3d 507, 509 n.2 (5th Cir. 1995). The violation of just one condition is enough to sustain revocation under the statute.

E.   **Findings and Recommendation**

The Court concludes that the Government established by a preponderance of the evidence that the Defendant violated conditions of his supervision by committing the crime of public intoxication (Allegation 1), possessing a controlled substance (Allegation 2), and

---

[2] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

using a controlled substance (Allegation 3 and Allegation 4). The evidence supporting the Government's establishment of these violations includes the defendant's own admission that he used methamphetamine on January 20, 2012, and his admission to being arrested for public intoxication on the same date. Barnett further testified that he bought and used methamphetamine. He also admitted that he understands that he violated his supervised release by using methamphetamine. The Court's findings are further supported by the judgment from the Justice of the Peace court in Polk County and Probation Officer Budjenska's testimony.

As for Allegation 6, the Court concludes that the Government did establish a technical violation by showing that Barnett failed to appear for his mental health appointments on February 7, 2012, and February 9, 2012. However, the Court takes into account Barnett's undisputed explanation for missing these appointments as well as the fact that he had regularly attended his mental health appointments otherwise and he did reschedule the missed appointments. He or his wife also called ahead to his probation officer and the providers before missing the appointments.

Finally, the Government withdrew Allegation 5 regarding Barnett's failure to report to his probation officer on February 10, 2012.

The Court accordingly concludes that the Government has proven that Barnett committed a Grade B violation of his supervised release by possessing methamphetamine and a Grade C violation by committing the crime of public intoxication and using

methamphetamine.

The Court must now address whether the methamphetamine possession warrants the imposition of a sentence within the higher range of punishment suggested by the Guidelines for a Grade B violation or if the Court should sentence Barnett to a lesser term of imprisonment. The applicable statute and the Guidelines are clear in imposing mandatory revocation for possession of a controlled substance and in giving the Court discretion to find that use equals possession for purposes of imposing mandatory revocation. However, the statute and the Guidelines do not state outright that use constituting possession automatically constitutes a Grade B violation.

In this case, the Court notes that the discretion afforded to the undersigned in determining that use of a controlled substance equals possession and imposing an equivalent imprisonment sentence upon revocation. *See United States v. Arnold*, No. 02-30404, 54 F. App'x 408 (5th Cir. Oct. 30, 2002) (per curiam). The Court finds that although the Government has proven that Barnett used and possessed methamphetamine and he admitted to both use and possession of the controlled substance, the circumstances of this case do not warrant imposition of an imprisonment term within the higher range suggested for a Grade B violation. The majority of the violations established by the Government are Grade C violations. The defendant accepted responsibility for his conduct by admitting to his methamphetamine use, admitting to his arrest, and acknowledging that he violated his supervision conditions. The evidence showed that Barnett has not shown a history of

significant noncompliance or drug use while on supervision. The probation officer confirmed that Barnett had not submitted a urine specimen in the course of his drug testing which tested positive. The probation officer's testimony further shows that Barnett was candid with her about his violations. He called her within 72 hours of his arrest and he admitted to her that he used methamphetamine. The Court also takes into account other mitigating evidence such as Barnett's attempts to notify both his counselor and his probation officer about missing his mental health appointments as well as his attempts to reschedule those appointments.

The Court therefore recommends the imposition of a sentence lesser than that suggested by the Grade B range. Instead, the Court finds that a sentence within the range suggested for a Grade C violation is appropriate based on the circumstances of this case.

Based upon the entire body of evidence presented and the suggestions of the Sentencing Guidelines, the Court finds that revocation of Defendant's supervision is necessary and accordingly recommends that the District Court revoke the defendant's supervised release. The Court concludes that a term of imprisonment should be imposed for Defendant's violation of his Court-ordered conditions. Based on the evidence and Barnett's personal circumstances, the Court does agree with the probation officer's recommendation that Barnett be placed on a new term of supervision to include a condition requiring that he reside in a halfway house after release from imprisonment to allow closer monitoring as well as additional resources and access to mental health treatment.

Finally, based on the factors and evidence presented in this case, the undersigned

United States Magistrate Judge recommends that as punishment for the revocation, the District Court sentence Defendant to a term of **eight (8) months imprisonment**, with a new **six (6) month term of supervised release** to follow, to include 180 days placement in a halfway house. The new term of supervision should be subject to the following conditions:

"Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a program of psychiatric and mental health services and shall comply with any medication requirements as prescribed by the treatment provider.

The defendant shall participate in a program of testing and treatment for alcohol abuse,

under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

The defendant shall abstain from any use of alcohol or other type of intoxicants.

The defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer."

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely

by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 14th day of March, 2012.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE