IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 6:06-CR-95 (19) |
| | § | |
| BRADLEY GLENN BARNETT | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed October 15, 2012, alleging that the Defendant, Bradley Glenn Barnett, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on March 16, 2009, before the Honorable Leonard Davis, United States District Chief Judge for the Eastern District of Texas, after pleading guilty to the offense of possession of methamphetamine with intent to deliver, a Class B felony. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of VI, was 110 to 137 months. The Defendant was sentenced to 60 months' imprisonment, followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include: financial disclosure,

drug testing and treatment, psychiatric and mental health treatment, medication compliance, and a $100 special assessment.

## II. The Period of Supervision

The Defendant completed his period of imprisonment on March 28, 2011 and began his term of supervised release.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on October 15, 2012 alleging one violation: that the Defendant failed to reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and observe the rules of that facility.

## IV. Proceedings

On November 27, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first and only allegation, which asserted that he violated a special condition of supervised release, to wit: "Bradley Glenn Barnett was discharged unsuccessfully from the Leidel Sanction Center in Houston, Texas, on October 9, 2012."

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of four (4) months' imprisonment that includes 105 days of unserved time in a

residential reentry center or similar facility, with no supervised release to be imposed after release. His imprisonment for the instant offense should be credited as time served.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class B felony; therefore, the maximum imprisonment sentence is 3 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by being unsuccessfully discharged from the Leidel Sanction Center in Houston, Texas on October 9, 2012, he will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment is more than 6 months but not more than ten months, the minimum term may be satisfied by: (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in

U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended. According to U.S.S.G § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. As a result of the warrant being issued on October 16, 2012, Mr. Barnett has 105 days of community confinement which remains unserved and may be converted to imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is VI. Policy guidelines suggest 8 to 14 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of four (4) months' imprisonment with no supervised release to follow. To the extent this sentence constitutes a downward variance from the advisory guideline range, the undersigned finds the sentencing objectives outlined in 18 U.S.C. § 3553 are met with such a variance. This finding is bolstered by the recommendation from the Defendant, Government, and U.S. Probation Office that this is an appropriate sentence.

Furthermore, according to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the Defendant is required to serve a term of imprisonment, the court may include a requirement

that the Defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. Under U.S.S.G. § 7B1.3(g)(2), where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment that can be imposed upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The undersigned recommends no supervised release to follow after the Defendant's imprisonment.

## VII. Recommendations

1. The court should find that the Defendant violated a standard condition of supervised release by failing to reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days;

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a total term of imprisonment of four (4) months with no supervised release to be imposed after release.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the

recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 28th day of November, 2012.

Zack Hawthorn
United States Magistrate Judge